**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEXANDER W. DERING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0357-RWS |
| SERVICE EXPERT ALLIANCE, | : | |
| LLC and SERVICE EXPERTS, | : | |
| INC., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| ANDY LEWIS HEATING & AIR | : | |
| CONDITIONING, d/b/a ANDY | : | |
| LEWIS/HOBSON HEATING & | : | |
| AIR, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0358-RWS |
| PEACHTREE SERVICES | : | |
| EXPERTS, LLC, SERVICE | : | |
| EXPERTS, INC. and SERVICE | : | |
| EXPERTS ALLIANCE, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

On October 28, 2008, the Court conducted a pretrial conference. At the conference, the Court heard arguments concerning Plaintiffs' Motions in Limine [225 in 1:06-CV-357 and 209 in 1:06-CV-358]. After considering the arguments of counsel, the Court enters the following Order.

Plaintiffs seek to preclude Defendants from arguing or offering evidence regarding terms of sale different from those expressly contained within the Purchase Agreement. Specifically, Plaintiffs contend that the Purchase Agreement is unambiguous in its requirement that the seller provide the customers' names, addresses, and phone numbers from Service Experts of Atlanta ("SVE-Atlanta"). Defendants argue that because the provision is ambiguous, parol evidence should be permitted to explain the intent of the parties as to this provision. The Court finds that the provision is not ambiguous. The Agreement requires Seller to return to the Company "all materials related to the Andy Lewis/Hobson companies, including but not limited to customer lists, . . .customer phone numbers, customer addresses." (Agreement at 9.) With regard to the customers of SVE-Atlanta, the Agreement permits SVE-Atlanta to "retain copies of such customer's names, addresses, and phone numbers." (Id.) Allowing SVE-Atlanta to retain "copies" is consistent

2

with the requirement that the information be provided to the Company. Otherwise, SVE-Atlanta would simply retain the information, not copies of it. Therefore, Plaintiffs' Motion in Limine as to evidence or testimony regarding terms of sale different from those expressed above is **GRANTED**.

Plaintiffs next urge the Court to prohibit Defendants from introducing testimony or other evidence referring to or suggesting that "Service Experts of Atlanta" is a legal or otherwise incorporated entity. Although the ruling above may make this issue moot, based upon the arguments presented to the Court, Plaintiffs' Motion is **DENIED** as to this evidence.

Plaintiffs urged the Court to disallow the introduction of testimony by Robert Simpson in which he concluded that 150 proximity mailers were sent per week for Center 241based on the Best Evidence Rule. The Court finds the testimony is not offered to prove the contents of the writing. Therefore, Plaintiffs' Motion is **DENIED** as to this evidence.

Finally, Plaintiffs request that Defendants not be permitted to introduce testimony or evidence regarding details of Plaintiff Alexander W. Dering's attempt to purchase Shumate Mechanical, LLC. The Court finds that any efforts to purchase Shumate are irrelevant to this proceeding. Therefore,

3

Plaintiffs' Motion is **GRANTED** as to evidence regarding the details of the attempted purchase of Shumate Mechanical, LLC.

**SO ORDERED**, this  30th  day of October, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)